In re SCOFIELD.

(Supreme Court, Appellate Division, Second Department. March 10, 1905.)

ELECTIONS—VOTES—RECANVASS—MANDAMUS—PERSON ENTITLED TO SUE.

    Where the correctness of a canvass of the votes of a county was unassailed, a private citizen and taxpayer, in the absence of statute, was not entitled to mandamus to compel a second canvass on the ground that the original one was not made by the officers authorized by law.

    [Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, §§ 54, 154.]

Appeal from Special Term, Richmond County.

Application by George S. Scofield for a peremptory writ of mandamus against the board of aldermen of the city of New York and

another to compel the board of aldermen of said city to meet and canvass the vote of Richmond county. From an order denying the application, petitioner appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

Louis S. Phillips (Albert E. Hadlock, on the brief), for appellant.
Arthur C. Butts, for respondents.

HIRSCHBERG, P. J. The order appealed from has sole relation to the canvass of the votes cast in Richmond county at the general election in the year 1904. The canvass was made by the members of the board of aldermen of the city of New York elected in the county of Richmond, and no question is raised as to its fairness and accuracy. A question was raised at the time of the canvass as to the right of the president of the borough of Richmond to sit as a member of the canvassing board, and that question was decided adversely to him, but is not presented on this appeal. Neither the president of the borough, nor a candidate for office at the election in question, is a party to this proceeding. The right of the applicant to the relief sought by him is based upon the fact that he was a qualified elector of the state, and voted at the election in question, and was an owner of real estate and a taxpayer in the county of Richmond. The relief sought is the issuance of a peremptory writ of mandamus compelling the entire board of aldermen of the city of New York to meet and canvass the vote of Richmond county.

We are of opinion that the relator has no individual right, under the circumstances, to invoke the remedy which the order appealed from denies him. Such a right could only exist by virtue of statute, and our attention has not been directed by the learned counsel for the appellant to any statute conferring it. The question presented is not one of the right of a private citizen and voter to compel a canvass of a vote, but of the right after a canvass has been made, the correctness of which is unassailed, to compel another canvass upon the ground that the one already made was not made by the officers authorized by law. The case is not one where there has been a failure or a refusal to discharge a duty imposed by law, but is merely one wherein it is claimed the duty has been discharged, but by officers upon whom it is not imposed. In such a case the matter does not seem one of sufficient public right or interest to confer upon an individual voter, without statutory authority, the power to set again in motion the machinery of the executed law. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur except HOOKER, J., not voting.